UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MARDOCHE OLIVIER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:17-cv-00028 |
| ) | JUDGE CRENSHAW |
| **MONTGOMERY COUNTY,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**M E M O R A N D U M**

Plaintiff Mardoche Olivier, a resident of Clarksville, Tennessee, brings this *pro se, in forma pauperis* action against Montgomery County, Tennessee, and Judicial Commisioner f/n/u Claiborne, alleging violations of the Plaintiff's civil rights.[1] (Doc. No. 1). The Plaintiff seeks damages from each Defendant as well as attorney fees. (*Id*. at p. 3).

**I.    Required Screening of the Complaint**

The Plaintiff is proceeding as a pauper in this action; therefore, the Court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). See Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated in

---

[1] It bears noting that, since January 1, 2017, the Plaintiff has filed at least ten separate *pro se* lawsuits in this Court.

1

Iqbal and Twombly governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) because the relevant statutory language tracks the language in Rule 12(b)(6)").

"Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively

2

require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II. Alleged Facts

According to the complaint, on an unspecified date, Judicial Commissioner f/n/u Claiborne authorized Clarksville police officer Keith Jones to arrest the Plaintiff without a valid warrant. Judicial Commissioner Claiborne also allegedly failed to provide the Plaintiff with an attorney at his bail hearing and charged him $11,000 bond. (Doc. No. 1 at p. 2). The Plaintiff alleges that the Defendants have violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, and his rights under 18 U.S.C. §§ 241 and 242. (Id. at p. 1).

## III. Analysis

First, while Montgomery County, Tennessee, is a suable entity, it is responsible under § 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted). Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir.2013) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); Regets v. City of Plymouth, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting Slusher v. Carson, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative

enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. Burgess, 735 F.3d at 478.

The inadequacy of police training only serves as a basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. Slusher, 540 F.3d at 457. To establish deliberate indifference, the plaintiff may show prior instances of unconstitutional conduct demonstrating that the governmental entity has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury. Id.; see also Gregory v. City of Louisville, 444 F.3d 725, 752-53 (6th Cir. 2006). In the alternative, where the constitutional violation was not alleged to be part of a pattern of past misconduct, a supervisory official or a municipality may be held liable only where there is essentially a complete failure to train the police force or training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result. Hays v. Jefferson Cnty., Ky., 668 F.2d 869, 874 (6th Cir.1982).

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Montgomery County under § 1983. The complaint does not identify or describe any of the County's policies, procedures, practices, or customs relating to training; it does not identify any particular shortcomings in that training or how those shortcomings caused the alleged violations of the plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Montgomery County on notice of a problem. See Okolo v. Metropolitan Gov't of Nashville, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); Hutchison v. Metropolitan Gov't of Nashville, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); Johnson v. Metropolitan Gov't of Nashville, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the

Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Montgomery County, Tennessee. Any such claim will be dismissed.

Next, the Plaintiff names Judicial Commissioner f/n/u Claiborne as a Defendant. Generally, a judge is absolutely immune from a suit for monetary damages. <u>Mireles v. Waco</u>, 502 U.S. 9, 9-10 (1991)(recognizing that "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); <u>Barrett v. Harrington</u>, 130 F.3d 246, 254 (6th Cir. 1997); <u>Barnes v. Winchell</u>, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, <u>i.e.</u>, actions not taken in the judge's judicial capacity. <u>Mireles</u>, 502 U.S. at 11; <u>see</u> <u>Forrester v. White</u>, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. <u>Mireles</u>, 502 U.S. at 12.

The Plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. There is no doubt that authorizing arrest warrants, conducting a bail hearing and determining a bond amount were judicial acts. Although the complaint alleges that the Judicial Commissioner was acting without jurisdiction, the Plaintiff's allegations are without support.

Moreover, injunctive relief is also not available against this Defendant because injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; <u>accord</u> <u>Savoie v. Martin</u>, 673 F.3d 488, 496 (6th Cir. 2012). The Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was

unavailable. Consequently, the Plaintiff's claim for injunctive relief is barred. <u>Montero v. Travis</u>, 171 F.3d 757, 761 (2d Cir. 1999). The Court therefore finds that Defendant Judicial Commissioner Claiborne is absolutely immune from liability.

**IV.     Conclusion**

In conclusion, the Court finds that the complaint fails to state a claim upon which relief can be granted as to any Defendant. This action, therefore, will be dismissed with prejudice. 28 U.S.C. § 1915(e)(2).

For the same reasons that the Court dismisses this action, the Court finds that an appeal of this action would not be taken in good faith. The Court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the Plaintiff would not be taken in good faith, and the Plaintiff will not be granted leave by this Court to proceed on appeal *in forma pauperis*.

An appropriate order will enter.

                                                                                        _____
                                                                                        WAVERLY D. CRENSHAW, JR.
                                                                                        UNITED STATES DISTRICT JUDGE